# NO. 12-22-00151-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MONTECIA GREEN,*<br>*APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

A jury convicted Appellant, Montecia Green, of the offense of possession with intent to deliver methamphetamine in an amount of one gram or more but less than four grams. Appellant pleaded "true" to the enhancement paragraphs in the indictment, and the jury assessed his punishment at imprisonment for twenty-five years. In one issue, Appellant maintains the trial court erred in overruling his motion to suppress the evidence seized following a traffic stop, because the evidence was obtained by an illegal search. We affirm.

### BACKGROUND

Smith County Deputy Joshua Hill stopped Appellant's truck for traffic violations. Appellant had no driver's license. There were no outstanding warrants for Appellant's arrest, and the insurance for the truck was current. Deputy Hill told Appellant that he was going to issue a warning citation for the traffic violations, including his failure to have his driver's license.

Deputy Hill, however, continued to question Appellant about his connection to a nearby residence Appellant had just left. Deputy Hill had been watching the house because of complaints regarding suspicious activity. Deputy Hill asked Appellant if there were "any guns, hand grenades, needles, or anything illegal in the truck or anything illegal on you." In response,

Appellant turned around, put his hands up on the back of the truck and spread his legs in a "search position." Deputy Hill believed that Appellant's conduct implied consent, and he proceeded with his search of Appellant's person. Appellant was cooperative. At no time did he indicate by word or gesture that he did not consent to the search. He voluntarily inverted his pants pocket to show that it was empty. When Appellant lifted his shirt to show his pocket was empty, Deputy Hill noticed a bulge in the coin pocket on the right side of Appellant's jeans. Deputy Hill seized crystal methamphetamine from Appellant's coin pocket.

The trial court found (1) the deputy inquired whether Appellant possessed anything illegal and Appellant voluntarily turned around and assumed the search position; (2) Appellant on his own assumed the search position which caused the officer to reasonably believe that he was consenting to be searched; and (3) at no time before the methamphetamine was found in his pocket did Appellant by his words or actions indicate that he had withdrawn his consent or was refusing to be searched.

## ILLEGAL SEARCH

Appellant, in his sole issue, contends that the trial court erred in overruling his motion to suppress all evidence following the traffic stop, "because the evidence was obtained pursuant to an illegal search of Appellant's person."

### Standard of Review

An appellate court reviews a trial court's ruling on a motion to suppress for abuse of discretion. *Crain v. State*, 315 S.W.3d 43, 48 (Tex. Crim. App. 2010). That discretion is tested under a bifurcated standard of review. *Amador v. State*, 221 S.W.3d 666, 673 (Tex. Crim. App. 2007). Under this bifurcated standard, appellate courts give almost total deference to the trial court's resolution of questions of historical fact, especially when those determinations are based on assessments of credibility. *Arguellez v. State*, 409 S.W.3d 657, 662 (Tex. Crim. App. 2013). Appellate courts afford the same deference to trial court rulings that apply the law to the facts if those determinations turn on credibility. *Id*. Mixed questions of law and fact that do not turn on the evaluation of credibility are reviewed de novo. *Johnson v. State*, 414 S.W.3d 184, 192 (Tex. Crim. App. 2013). De novo review is required as to pure questions of law. *State v. Woodard*, 341 S.W.3d 404, 410 (Tex. Crim. App. 2011).

When, as here, the case involves videotape evidence, the reviewing court applies the same deferential standard "to a trial court's determination of historical facts when that determination is based on a videotape recording admitted into evidence at a suppression hearing." *Tucker v. State*, 369 S.W.3d 179, 184-85 (Tex. Crim. App. 2012). A reviewing court should view the evidence, including the video, in the light most favorable to the trial court's ruling. *Id*.

In Texas, the State must prove the voluntariness of consent by clear and convincing evidence. *State v. Ibarra*, 953 S.W.2d 242, 245 (Tex. Crim. App. 1997). A trial court's finding of voluntariness must be accepted on appeal unless clearly erroneous. *Meekins v. State*, 340 S.W.3d 454, 460 (Tex. Crim. App. 2011).

## Applicable Law

The Fourth Amendment protects individuals against unreasonable searches and seizures. U.S. CONST. amend IV. "[S]earches conducted outside the judicial process, without the prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject to only a few specifically established and well delineated exceptions. *Mincey v. Ariz.*, 437 U.S. 385, 390, 98 S Ct. 2408, 2412, 57 L. Ed. 2d 290 (1978). One established exception is a search conducted with the person's consent. *Schneclothv. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 2043-44, 36 L. Ed. 2d 854 (1973); *Meekins*, 340 S.W.3d at 458. "But the Fourth and Fourteenth Amendments require that a consent not be coerced, by explicit or implicit means, by implied threat or covert force." *Schneckloth*, 412 U.S. at 228, 93 S. Ct. at 2048; *Meekins*, 340 S.W.3d at 459. Whether consent was in fact voluntary is a question of fact to be determined from the totality of all the circumstances. *Schneckloth*, 412 U.S. at 221, 93 S. Ct. at 2044; *Meekins*, 340 S.W.3d at 458-59. In determining the voluntariness of a person's consent, courts review the totality of the circumstances of a particular police-citizen interaction from the point of view of the objectively reasonable person, without regard for the subjective thoughts or intents of either the officer or the citizen. *Meekins*, 340 S.W.3d at 459. The ultimate question is whether the person's "will ha[s] been overborne and his capacity for self-determination, critically impaired" such that his consent to search cannot have been voluntary. *Id*. Consent is not rendered involuntary merely because the accused is under arrest. *Johnson v. State*, 68 S.W.3d 644, 653 (Tex. Crim. App. 2002).

A person's consent to search can be communicated in various ways "including by words, action, or circumstantial evidence showing implied consent." *Meekins*, 340 S.W.3d at 458. Texas courts have held that when a law enforcement officer requests consent to search or otherwise puts the question to the detainee in a way that does not indicate command or compulsion, a wordless action or gesture can be sufficient to show consent. *See Kendrick v. State*, 93 S.W.3d 230, 234 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd).

## Analysis

Appellant argues that when he responded to Deputy Hill's question if there were any "guns, hand grenades, needles, or anything illegal in the truck or anything illegal on you," his immediate assumption of the search position cannot be interpreted as a consent to search. He contends the deputy so framed the question as to impart "compulsion." In Appellant's view, the intimidating surrounding circumstances could reasonably serve to reinforce an objective person's opinion that Deputy Hill's query was actually a command. Deputy Hill told Appellant that he was only giving a warning ticket for the traffic violations and his failure to have his driver's license. Nevertheless, Appellant emphasizes that Deputy Hill placed Appellant's identification and the citation on the hood of the patrol car, and continued to question Appellant on matters unrelated to the ostensible reason for the stop.

Appellant contends that Deputy Hill's questions regarding Appellant's possession of contraband was not a request but a command when considered with all the surrounding circumstances. Therefore, he argues, his prompt response to the deputy's question by turning around, placing his hands on his truck, and spreading his legs did not imply consent to search, but mere acquiescence to lawful authority.

We do not agree that the way in which Deputy Hill framed his contraband question "infused the issue with compulsion." Nor was the question asked in an aggressive or assertive manner. Deputy Hill described Appellant as cooperative. The record does not show that anything that could be interpreted as threatening took place, any promises or inducements were made or offered, or any deception or trickery was employed. There is nothing in the record regarding Appellant's physical or mental condition that might indicate that Appellant's will was overborne or his capacity for self-determination critically impaired.

In *Kendrick*, the investigating officer "requested appellant's permission to conduct a pat-down." *Kendrick*, 93 S.W.3d at 234. The court held that when appellant stood up and raised

his hands in response to the request, he indicated his consent to search. *Id*. The driver of a car was arrested in *McAllister v. State*, and the passenger asked an officer for a ride to his mother's house. *McAllister v. State*, 34 S.W.3d 346, 349-50 (Tex. App.—Texarkana 2000, pet. ref'd). The officer agreed but told the passenger he would have to be patted down before being allowed in the patrol car. *Id*. at 350. In reply, the passenger "raised his hands to about chest level." *Id*. Because the circumstances showed the passenger under "no compulsion" to accept the ride or the frisk it entailed, the court held that the passenger's gesture communicated his consent to the search. *Id*. at 351. In yet another case, a defendant was found to have implicitly consented to a search when he moved away from the vehicle's door and to the rear of the vehicle after an officer asked the defendant if he could "search the vehicle and if so, [the defendant] could move to the rear of his vehicle." *Sullivan v. State*, 622 S.W.3d 415, 418-19 (Tex. App.—Waco 2020, pet. ref'd).

Appellant's actions in this case imply consent as forcefully as those in the cases cited. Appellant promptly assumed the search position when asked whether he had anything illegal in his possession. Considered in the light of all the attendant circumstances, Appellant's conduct unequivocally manifested his consent to search. The clear and convincing evidence in the record supports the trial court's finding that Appellant, by his conduct, consented to the search of his person. Appellant's issue is overruled.

### DISPOSITION

The judgment is *affirmed*.

BILL BASS
Justice

Opinion delivered March 31, 2023.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired, J., Twelfth Court of Appeals, sitting by assignment.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MARCH 31, 2023**

**NO. 12-22-00151-CR**

**MONTECIA GREEN,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 7th District Court
of Smith County, Texas (Tr.Ct.No. 007-1976-20)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Bill Bass, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Bass, Retired J., Twelfth Court of Appeals, sitting by assignment.*